IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| CECIL J. BRACKEN <br><br> and <br><br> JENNIFER A. BRACKEN <br> *Plaintiffs,* <br><br> v. <br><br> FOREST RIVER, INC. <br><br> <u>Please Serve:</u> <br> Darrel O. Ritchie, Registered Agent <br> 900 CR 1 N <br> Elkhart, IN 46514 <br><br> *Defendant.* | Case Number: 3:23cv566 |

## COMPLAINT

NOW INTO Court, through undersigned counsel, come the Plaintiffs, Cecil J. Bracken and Jennifer A. Bracken, and move the Court for Judgment against Defendant, Forest River, Inc. on the basis of the following facts and law:

## JURISDICTION

1. This Honorable Court has Diversity Jurisdiction of this Civil Action pursuant to 28 U.S.C. §1332. Plaintiffs are citizens of Virginia and domiciled in Louisa County, Virginia. Defendant Forest River, Inc. is a corporation incorporated under the laws of Indiana with a principal place of business in Elkhart, Indiana. The amount in controversy exceeds $75,000.

1

2. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S. Code §1331. The Plaintiffs assert a claim pursuant to the Magnuson-Moss Warranty Act, 15 U.S. Code §§2301-2312. The amount in controversy exceeds $50,000.00.

## VENUE

3. Venue in this Honorable Court is proper pursuant to 28 U.S.C. §1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claims occurred.

4. Venue in the Richmond Division is proper pursuant to Local Civil Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims alleged.

## FACTS

5. Plaintiff Cecil J. Bracken is a citizen of Virginia residing in and domiciled in Louisa County, Virginia.

6. Plaintiff Jennifer A. Bracken is a citizen of Virginia residing in and domiciled in Louisa County, Virginia.

7. Defendant Forest River, Inc., is a corporation organized under the laws of Indiana with a principal place of business in Elkhart County, Indiana.

8. On April 22, 2023, Plaintiffs purchased a Forest River 2022 Crusader 5W Prime Time, VIN # 5ZT3CSWB1NG127359, from General RV Center in Ashland, VA, for $58,791.00. This travel trailer was manufactured by Defendant Forest River,

Inc. On information and belief, General RV Center is the authorized sales and warranty service and repair agent of Defendant Forest River, Inc.

9. Forest River, Inc. issued a one-year limited warranty when purchased from *"an independently owned and authorized Forest River dealer."* The warranty covered *"the RV against Substantial Defects in material and workmanship attributable to Forest River's manufacture and assembly of the RV."*

10. The travel trailer has slides which extend and retract for more living space in the travel trailer. On May 6, 2023 just 14 days after the purchase, the Plaintiffs returned the travel trailer to General RV Center because all three slides needed to be re-sealed and inspected for leaks. It was determined the tape across the slides was peeling and needed to be removed and resealed. Repair was denied on the allegation, this was a *"was customer maintenance issue."* The Plaintiff reported the pantry door was slanted at the top and was not hung level. The General RV Center technicians determined the pantry wall and frame were not hung correctly by Forest River, Inc., causing the pantry door to not open and close properly. The pantry wall was removed, shaved down at the top and re-hung on the frame. The door still did not operate correctly. The Plaintiff reported that in the two LED light strips on the front red was not working properly. A repair attempt was made. The Plaintiff reported that the lock on the large access door on the driver's side was not working properly, making it unusable. The technician determined that the compartment door and frame were not installed properly, causing the latch from the lock to not *"catch"* making it unusable. The compartment door was removed, and a new frame was installed. The Plaintiff

3

reported that the seam covers on the ceiling panels from the living area to the bedroom were "rippled" and not adhering properly. The General RV technicians determined that this was not installed properly, leading them to remove and attempt re-installation. The Plaintiff reported the roof on one side has a large patch of dicor, which is a sealant, indicating it was the subject of repair before it was purchased. To repair this, all components of the roof in this area needed to be removed, patched, and repaired, and then re-installed. This was not done because Forest River, Inc. denied it under the warranty. The Plaintiff reported a brown spot on the ceiling of the living room area near the reclining couch, which was believed to be a water leak. No repair was attempted. The Plaintiff reported there was about a 4" gap in the shower between the back wall causing water damage due to the walls not joining or meshing properly. The General RV technicians claimed they could not see this problem. The travel trailer was in the shop for 20 days on this repair attempt.

11. On May 30, 2023 the Plaintiffs returned the travel trailer to General RV Center, four days after having picked it up from the initial visit for repairs. The slide seals were not repaired due to Forest River's refusal to honor the Warranty. The roof was unsatisfactory and needed an inspection for voids in the sealant and patchwork. No repair attempt was made because Forest River refused to honor the Warranty. The large access/compartment door was uneven around the framing. The ceiling trim or seam panels in the hallway by the kitchen sink toward the back bedroom were not installed properly, causing a bubbling effect. These were the subject of repair on the first repair attempt but still were not fixed.

4

The light brown spot in the ceiling panel in the living room over the sofa was not repaired due to technicians claiming it was not a water spot. Forest River refused to honor the Warranty on this claim. The monitor control panel was wired backwards, causing lights to flicker when turned on and off. Technicians removed the monitor panel to gain access to the wiring, flipped the switch allowing proper operation, and re-installed the control panel. The Plaintiff reported the right rear jack has a fault/error due to a bad wiring connection. Technicians tested the electrical systems by extending the jacks more than six inches and found that the right rear jack instantly indicated a fault. The technicians then inspected the switch board and found it was either an issue with the harness or motor. A continuity check was performed and found one red connector was not plugged in all the way to make a connection. The technicians then took apart the harness to reset the wiring plugs to allow for a stronger connection. The roof patching from previous service visit was addressed and repaired by the technicians with the proper sealant. The travel trailer was out of service for 22 days due to the repair attempt.

12. On June 8, 2023 - the Plaintiffs returned the travel trailer to General RV Center, and reported the shower was leaking into the front storage area. Water was coming from the wall and from the shower drain. The General RV technicians believed the rivets in the wall were the cause. They cleaned all the rivets in the shower area and sealed them with silicone, holding them in place and then did a water test. The panel needed to be removed to gain access to the drain where the leak was coming from the piping. In doing so, it was discovered that the drain

was not threaded straight and needed to be removed and reinstalled. The Plaintiffs also reported the shower was not draining properly. They reported water was pooling in the back of the pan in the corner of the bedroom wall and sink. Technicians found the drain pan was not installed correctly on the floor to allow proper draining. Furthermore they found the shower floor not level. Technicians removed the shower, attempted to level it and replaced and sealed all components.

13. As of the filing of this lawsuit, the Plaintiffs' travel trailer has been out of service in excess of 43 days due to unsuccessful repair attempts.

14. The roof is still defective and the membrane is not adhered properly. The roof patch of "*Eterna bond tape*" is not sealed properly around the slide-out roofs. The large luggage door on the driver's side, does not latch or lock properly. The seams in the ceilings are defective. The pantry door and bathroom doors are still not hung properly. The stain on the living room ceiling is still visible, due to previous water damage. The TV in the bedroom is not connected to cable / antenna lines. The refrigerator does not work properly because the propane is not lighting for the pilot light. The Plaintiff has replaced the vinyl trim because it was cut too short and did not want water getting in.

## COUNT ONE
## VIOLATION OF VIRGINIA CONSUMER PROTECTION ACT

15. Paragraphs 1-14 are re-pled herein by reference.

16. The Virginia Consumer Protection Act Virginia Code §59.1-196 et seq. was enacted as remedial legislation to promote fair and ethical standards of dealings

6

between suppliers and the consuming public. Fraudulent acts or practices committed by a supplier in connection with a consumer transaction are unlawful. The Plaintiffs are consumers as defined by the Act. The Defendants are suppliers as defined by the Act. Defendants Forest River, Inc. and General RV Center Sales, LLC, have violated the Act by fraudulently concealing the material term that any claim against Forest River, Inc. must be brought in Indiana courts and any claim must be controlled by Indiana law even though the Plaintiffs are Virginians, and they bought the trailer in Virginia. If this material term had not been the subject of deception, concealment, and fraud under the VCPA, the Plaintiffs never would have purchased the trailer. See, Va. Code §59.1-200(A)(14).

17. The Defendants have also violated VCPA §59.1-200(A)(8) by falsely maintaining the camper would be fit for its reasonable intended purpose, and violated §59.1-200(A)(10) by misrepresenting that repairs, alterations, modifications, or services had been done when they had not.

18. Plaintiffs move the Court for judgment in the amount of $58,791.00 trebled for willful violation of the Virginia Consumer Protection Act, for a total of $131,475.00, plus incidental and consequential damages, emotional upset, anxiety, embarrassment, plus reasonable attorney fees in the amount of $600 per hour, or one-third of the amount recovered; whichever of the two is greater.

## COUNT TWO
## MAGNUSON-MOSS WARRANTY ACT VIOLATIONS

19. The facts alleged in paragraphs 1-17 are incorporated herein by reference.

20. Plaintiffs are consumers as defined in 15 U.S.C. §2301(3). Defendant fits the definition of a supplier and warrantor as defined in 15 U.S.C. § 2301(4)-(5). The camper is a consumer product as defined in 15 U.S.C. § 2301(1).

21. The vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an implied warranty of merchantability was given to Plaintiffs as a part of the purchase, warranties which meet the definition of written warranty and implied warranty as contained in 15 U.S.C. §2301(6)-(7), respectively.

22. The Limited Warranty has failed its essential purpose and the Defendants have violated the Act due to their inability to repair or replace the nonconformities within a reasonable time, and their refusal to provide the Plaintiffs with a refund as required in 15 U.S.C. §2304(a)(1) and (4).

23. The Defendants have also breached their implied warranties of merchantability since the camper, in view of the nonconformities that exist and the Defendants' inability to correct them, is not fit for the ordinary purpose for which the camper is being used. See 15 U.S.C. §§2308, 2310(d).

24. As a proximate result of Defendants' violations of the Magnuson-Moss Warranty Act and breach of their warranties, the Plaintiffs have been damaged for which the Defendants are responsible. See 15 U.S.C. §§2304(a) and 2310(d).

25. Plaintiffs also seek a judgment award equal to the aggregate amount of cost and expenses, including attorneys' fees at a rate of $600.00 per hour or 1/3rd of whatever is recovered, whichever is greater. See, 15 U.S.C. §2310(d)(2).

8

WHEREFORE, Plaintiffs Cecil and Jennifer Bracken, move the Court for judgment for rescission of their contract with Defendant Forest River, Inc., for damages in the amount of the purchase price for their camper ($58791.00), trebled for willful violation of the Virginia Consumer Protection Act, court costs and expenses, including attorney's fees at a rate of $600.00 per hour or 1/3rd of whatever is recovered, whichever is greater.

**Trial by Jury is demanded.**

Respectfully Submitted,

CECIL J. BRACKEN and
JENNIFER BRACKEN

By: ____/s/_____
　　　　　Of Counsel

James B. Feinman, Esq. (VSB#: 28125)
1003 Church Street
P.O. Box 697
Lynchburg, VA 24505
(434) 846-7603- Telephone
jb@jfeinman.com